IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00646-LTB

RONALD ATKINSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

___

ORDER
___

Plaintiff, Ronald Atkinson, appeals from the Social Security Administration ("SSA") Commissioner's final decision denying his application for disability insurance benefits, filed pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and his application for supplemental security income, filed pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c. Jurisdiction is proper under 42 U.S.C. § 405(g). Oral arguments will not materially aid in the resolution of this appeal. After consideration of the parties' briefs, as well as the administrative record, I REVERSE the SSA Commissioner's final order and REMAND for further proceedings.

## I. STATEMENT OF THE CASE

Plaintiff seeks judicial review of the Commissioner's decision denying his applications for disability insurance benefits and supplemental security income filed in 2004. [Administrative Record ("AR") 198, 494] The applications were initially denied on January 27, 2005. [AR 180, 497] An Administrative Law Judge ("ALJ") subsequently conducted an evidentiary hearing and

issued a written ruling on November 21, 2006, denying Plaintiff's applications on the basis that Plaintiff had engaged in substantial gainful activity which precluded his claim of disability (Step One). [AR 157]  On February 27, 2008, the SSA Appeals Council denied Plaintiff's administrative request for review of the ALJ's determination, making the SSA Commissioner's denial final for the purpose of judicial review. [AR 6]  Plaintiff timely filed his complaint with this court seeking review of the Commissioner's decision.

## II.  FACTS

Plaintiff was born on May 31, 1949, and has a high school education and some years of college. [AR 198, 207, 494, 520]  His prior work history consists of employment as a cashier, customer service representative, and resident apartment building manager. [AR 202]  From August 2003, through the date of the ALJ hearing, July 11, 2006, Plaintiff worked part-time in a hospice house. [AR 187, 202, 515, 518, 532]  Plaintiff alleges that he became disabled on May 30, 2003, due to "neuropathy in the feet, kidney problems [and] unable to do anything." [AR 202]

The extensive medical evidence reveals that Plaintiff has received treatment for diabetes and diabetic neuropathy since August of 2004. [AR 275-487]  Plaintiff's treating physicians have consistently reported opinions of limited functionality, work capacity, and mental limitations. [AR 275, 333, 444, 489]

The evidence related to Plaintiff's current work activity is that he worked full-time as a cashier until August of 2003, when he began working part-time in a hospice house ("Dave's House") where people with HIV/AIDS live.  At the hearing on July 11, 2006, Plaintiff testified that his job mainly consists of "babysitting" the residents; he makes calls if the house needs

2

maintenance or if a resident need emergency health care. [AR 532] Plaintiff describes his job as spending approximately three hours each day "assisting tenants in day to day problems," calling in maintenance orders, doing light paperwork, and keeping the "peace and quiet." [AR 213, 220, 245] Plaintiff testified that he makes $500.00 per month, and that he is provided a residence in the house. [AR 202, 533] He further testified that because the housing is subsidized, rent for his residence would be $40.00 a month (based on his income) if he was charged to live there. [AR 533]

Plaintiff's employer, Continental Divide Management Company, confirmed that Plaintiff was being paid $500.00 per month ($250 bi-weekly), but indicated that his work is not fully worth that amount because he does not have housekeeping and maintenance duties. As such, his employer was considering lowering his pay to $300 per month. [AR 185] In addition, Plaintiff's employer indicated that it granted the following special considerations to allow Plaintiff to work: fewer or easier duties; irregular hours; less hours; more rest periods; lower production; extra help/supervision; and frequent absences. [AR 186]

In response to the ALJ's follow-up inquiry regarding the cost of his housing, Plaintiff's employer stated as follows in a letter to the ALJ:

> Dave's Place is not an apartment building; this house is established for clients that are specifically from CAP (Colorado Aids Project). The residents at Dave's Place also have to be homeless and the rent amount charged to them is 30 percent of their income. We do not charge [Plaintiff] any rent but he is required to live there and be available 70% of the working day. The value of his unit is 30 percent of his income. [Plaintiff] makes $500.00 monthly through Continental Divide Management so his rent would be $150.00 a month, which is waived. There is no set rent at Dave's Place; every tenant is charged 30 percent of their income. Dave's Place is a converted mansion with 14 single room bedrooms. [AR 251-52]

When seeking review of the ALJ's decision, Plaintiff submitted additional evidence in the form of a letter from his employer, dated December 21, 2007, stating that Plaintiff was employed as a resident apartment manager at "Dave's Place Apartments," and that Plaintiff's compensation included "a stipend of $500.00 per month and use of a studio apartment with a market value [of] $350.00" per month. [AR 12]

### III. LAW

A five-step sequential evaluation process is used to determine whether a claimant is disabled under Title II and Title XVI of the Social Security Act which is generally defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§ 1382c(a)(3)(B); *see also Bowen v. Yuckert*, 482 U.S. 137, 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

Step One is whether the claimant is presently engaged in substantial gainful activity. If he is, disability benefits are denied. *See* 20 C.F.R. §§ 404.1520, 416.920. Step Two is a determination whether the claimant has a medically severe impairment or combination of impairments as governed by 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is unable to show that his medical impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. Step Three determines whether the impairment is equivalent to one of a number of listed impairments deemed to be so severe as to preclude substantial gainful employment. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not listed, he is not presumed to be conclusively disabled. Step Four then requires

the claimant to show that his impairment(s) and assessed residual functional capacity ("RFC") prevent him from performing work that he has performed in the past. If the claimant is able to perform his previous work, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520 (e)&(f), 416.920(e)&(f). Finally, if the claimant establishes a *prima facie* case of disability based on the four steps discussed, the analysis proceeds to Step Five where the Commissioner has the burden of proving that the claimant has the RFC to perform other work in the national economy in view of his age, education and work experience. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

## IV. ALJ's RULING

The ALJ ruled that Plaintiff was not disabled at Step One of the sequential process, because he was, during the relevant time period, engaged in substantial gainful activity (SGA). [AR 157-160] Work which constitutes SGA precludes a finding of disability during the time in which the work is performed. 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful – specifically, substantial work activity is work activity that involves doing significant physical or mental activities (even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before) and gainful work activity is work activity that you do for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. Generally, if a claimant has earnings from employment above a specific level set forth in the regulations, it is presumed that he has demonstrated the ability to engage in SGA. 20 C.F.R. §§ 404.1574, 416.974. However, numerous considerations are taken into account in assessing those earnings. *See* 20 C.F.R. §§ 404.1574(a)&(b), 416.974(a)&(b).

The ALJ ruled that Plaintiff has engaged in SGA from the date of onset through the date of his decision. The ALJ determined that Plaintiff worked full time through May 2003, and then

began to work part time on August 1, 2003, as an apartment manager for a HUD apartment building. [AR 159] The ALJ indicated that Plaintiff testified that he earns $500 per month and gets a free apartment which he stated is worth $150 per month. The ALJ noted that Plaintiff stated that he is required to be at his apartment 70% of the time as manager. [AR 159]

The ALJ ruled that although Plaintiff's "reduced rent is not presumptively substantial gainful activity, the Social Security regulations state that when earning are not high enough to demonstrate substantial gainful activity, the Administrative Law Judge may consider other information to determine if the compensation is equivalent to the performance of substantial gainful activity." [AR 159] The ALJ relied upon 20 C.F.R. 404.1574(b)(6)(iii)(B)(2006), in effect at the time of the decision, which provided that "if your average monthly earnings are . . . less than the [presumptive] amounts . . . we will generally not consider other information in addition to your earnings unless there is evidence indicating that you may be engaging in substantial gainful activity . . . [e]xamples of other information we may consider include, whether . . . [y]our work, although significantly less than that done by unimpaired people, is clearly worth the [presumptive] amounts . . . according to pay scales in your community."

The ALJ concluded that "an apartment in Denver which is not subsidized is worth at least $520.00 per month, and it is clear that [Plaintiff] is receiving his reduced rent in return for services performed." [AR 160] Because the monthly income required to establish the performance of SGA in 2003 was $800, and was $810 in 2004 and $830 in 2005, the ALJ concluded that Plaintiff "has earned at least this sum since the alleged onset date." [AR 160] Therefore, because there had been no continuous 12-month period during which Plaintiff had not engaged in SGA, the ALJ ruled that he was not under a "disability" as defined by the Social

6

Security Act from May 30, 2003 through the date of the decision. [AR 160] On review, the Appeals Council "found no reason" to review the ALJ's decision. [AR 6]

## V. STANDARD OF REVIEW

This court's review here is limited to whether the final decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Williamson v. Barnhart,* 350 F.3d 1097, 1098 (10th Cir. 2003); *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001); *Qualls v. Apfel,* 206 F.3d 1368, 1371 (10th Cir. 2000). Thus, the function of my review of the factual findings is to determine whether they "are based upon substantial evidence and inferences reasonably drawn therefrom; if they are so supported, they are conclusive upon [this] reviewing court and may not be disturbed." *Trujillo v. Richardson*, 429 F.2d 1149, 1150 (10th Cir. 1970). With regard to the application of the law, reversal may be appropriate when the SSA Commissioner either applies an incorrect legal standard or fails to demonstrate reliance on the correct legal standards. *See Winfrey v. Chater,* 92 F.3d 1017, 1019 (10th Cir. 1996).

## VI. ISSUE ON APPEAL

On appeal, Plaintiff contends that the ALJ erred when concluding that he engaged in SGA. Because I agree that the ALJ's order lacks sufficient legal analysis, I reverse the Commissioner's decision and remand for additional proceedings.

First, the SSA has issued a policy statement regarding the procedure used to determine the actual value of work performed – which is counted for purposes of determining SGA – as the amount of "countable earnings" in Social Security Ruling ("SSR") 83-33 entitled Determining

7

Whether Work is Substantial Gainful Activity - Employees. *See also* 20 C.F.R. §§ 404.1574, 416.974. SSR 83-33 discusses the analysis that is applied to subsidies as related to countable earnings and, specifically, that when the employer alleges that the employee does not fully earn his pay, such circumstances indicate the strong possibility of a subsidy. Here, the ALJ's order fails to discuss or address the evidence that supports the conclusion that Plaintiff's pay consisted, in part, of a subsidy because his employer indicated that Plaintiff's work is not fully worth the amount he is paid. [AR 185]

In addition, the ALJ determined that Plaintiff's ability to live rent-free was in return for service performed and, thus, implicitly ruled it constituted an "in-kind" payment for purposes of calculating his SGA. However, the ALJ's order failed to adequately weigh the conflicting evidence regarding the value of the rent, nor did the evidence support the finding that "an apartment in Denver which is not subsidized is worth at least $520.00 per month." [AR 160] This finding lacks any support in the record, and appears to be speculative at best.

Finally, the ALJ's order is devoid of any substantive analysis relating to the tests used to determine Plaintiff's SGA as set forth in SSR 83-33 and 20 C.F.R. § 404.1574 and § 416.974. On remand, the Commissioner is directed to review the evidence related to Plaintiff's SGA, by applying the legal analysis and tests outlined in SSR 83-33 and 20 C.F.R. § 404.1574 and § 416.974, including the evidence provided to the Appeals Council and any additional evidence necessary to the determination.

Accordingly, IT IS ORDERED that the Commissioner's decision is REVERSED and REMANDED to the SSA Commissioner with directions to remand to the Administrative Law Judge for proceedings consistent with this opinion.

Dated: January   28  , 2009, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE